IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| MSCS, LTD., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:16-CV-00510 | |
| § | | |
| MID-CONTINENT CASUALTY § | | |
| COMPANY, § | | |
| Defendant. § | | |

## PLAINTIFF'S SECOND AMENDED PETITION AND SUIT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MSCS, Ltd. ("Plaintiff") and files this, its Second Amended Petition and Suit for Declaratory Judgment complaining of Mid-Continent Casualty Company ("Defendant") and would show the Court the following:

### I. PARTIES

1.     Plaintiff, MSCS, Ltd., is a limited partnership organized under the laws of the State of Texas, with its principal place of business in Everman, Texas.

2.     Defendant, Mid-Continent Casualty Company is an insurance company licensed to do business in the State of Texas. It has filed an answer and no service is necessary at this time.

### II. VENUE AND JURISDICTION

3.     This case was originally filed in the 126th Judicial District Court of Travis County, Texas, but was removed to the Western District based on diversity jurisdiction on April 26, 2016. Jurisdiction is proper in in this Court under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different U.S states, and the amount in controversy exceeds $75,000 excluding interest and costs.

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in the district.

### III.   FACTS

5. Plaintiff, is engaged in the business of constructing convenience stores and installation of underground storage tanks and fueling equipment. During August of 2014, Plaintiff rented an excavator from Heavy Equipment Rentals of Texas ("HERT") in Travis County, Texas for use at two new construction sites. Plaintiff entered into a contract for the rental of this equipment and pursuant to the rental contract (Exhibit "A"), Plaintiff obtained insurance coverage from Defendant (Exhibit "B").

6. After Plaintiff returned the equipment, HERT alleged the equipment had been damaged by Plaintiff. Plaintiff immediately notified Defendant of the claim and requested coverage.

7. Defendant has consistently denied coverage, but for differing reasons. These variations of denials are as follows:

   a. November 7, 2014: the damage was normal wear and tear (Exhibit C");

   b. December 5, 2014: the damage was a "mechanical breakdown" (Exhibit "E");

   c. December 24, 2014: the claim is excluded because Plaintiff entered into a contract with HERT for the assumption of liability (Exhibit "F");

   d. May 5, 2015: Plaintiff's equipment operator did not know how the equipment was damaged (Exhibit "G"); and

   e. September 24, 2015: the damage resulted from, "a hidden or latent defect" (Exhibit "I").

2

8. The pattern of varying reasons to deny the claim evidences Defendants bad faith in denying coverage.

9. Plaintiff denied that it was responsible for damaging the equipment. HERT then filed a lawsuit against Plaintiff on May 5, 2015 in County Court at Law No. 1 of Travis County, Texas, seeking the recovery of lost rental charges, expenses relating to repairing the equipment, court costs, and attorney's fees.

10. When the suit was filed, Plaintiff notified Defendant and was seeking defense for the suit, but Defendant denied coverage for the claim and therefore denied defense of the claim on Plaintiffs behalf (Exhibit "H").

11. The trial of the underlying lawsuit was held on February 2, 2016. A judgment and findings of fact and conclusions of law were entered against Plaintiff on February 5, 2015 (Exhibits "D" and "J"). Plaintiff was found to have negligently damaged the excavator. HERT was awarded $130,020.92 with interest at 5% from the date of judgment against Plaintiff for the damage to the excavator (Exhibit "J"). Specifically, the Court found that (1) the damage was not normal wear and tear, (2) there was no mechanical breakdown, and (3) there was no hidden or latent defect (Exhibit "D").

### IV. COUNT 1-BAD FAITH

12. Plaintiff was an insured under an insurance contract issued by Defendant, which gave rise to a duty of good faith and fair dealing.

13. Defendant breached that duty by denying payment of a covered claim when Defendant should have known its liability under the policy was reasonable and clear. Specifically, the policy lists the equipment rented from HERT as covered, the occurrence for

which Plaintiff seeks coverage occurred during the policy period, and the equipment is included in the policy as covered property (Exhibit "B").

14. Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in Plaintiff having a judgment entered against it in the amount of $130,020.92, plus post-judgment interest, and attorney's fees.

## V.   COUNT II-LATE PAYMENT OF CLAIM

15. Plaintiff is the named insured under an inland marine insurance policy issued by Defendant for the coverage of heavy equipment rented by Plaintiff for use in its business operations.

16. Plaintiff suffered a loss covered by the policy and gave proper notice to Defendant of Plaintiff's claim (Exhibits "C", "E"-"I").

17. Defendant is liable for the claim and had a duty to pay the claim in a timely manner.

18. Defendant breached the duty by not timely paying the claim after wrongfully rejecting it.

19. Defendant's breach of duty caused injury to Plaintiff, which resulted in Plaintiff having a judgment entered against it in the amount of at least $130,020.92.

20. Plaintiff seeks liquidated damages in the amount of at least $162,512.64, which is within the jurisdictional limits of this Court.

## VI.  COUNT III-SUIT FOR DECLARATORY RELIEF

21. As stated above, Plaintiff suffered a loss that was covered under the insurance policy issued by Defendant. Defendant failed to pay the claim, failed to defend Plaintiff against the claim, and has caused Plaintiff to suffer damages as a result of Defendant's bad faith actions.

22. The policy attached as Exhibit "B" is for the period of July 1, 2014 through July 1, 2015. The loss and claim occurred in August 2014. Therefore, the insurance policy was effective at the time of the loss.

23. In the Contractors Equipment Endorsement, is specifically states, "Covered Property is extended to include your legal liability for direct physical 'loss' to equipment you lease or rent from others under a written lease or rental agreement that requires monetary compensation by you". (Exhibit "B" ¶ 1). Plaintiff had a written rental agreement with HERT and attaches that document hereto as Exhibit "A".

24. The insurance agreement also has coverage for the reimbursement of expenses incurred during the "period of repair" for the equipment. (Exhibit "B" ¶ 3.a-c).

25. This policy specifically enumerates in the Inland Marine Loss Payable Endorsement the rental equipment that would be covered. On page 2, it identifies, "Heavy Equipment Rentals of Texas, 4629 Priem Lane, Pflugerville, TX 78660", the Plaintiff in the underlying lawsuit forming the basis of this action (Exhibit "B").

26. Then the policy goes on to state in the Contractor's Equipment Coverage ¶ E.1.b(4) that coverage for rented property is, "The amount that you become legally obligated to pay…". The amount that Plaintiff became legally obligated to pay for that loss is no less than the judgment amount of 130,020.92, plus post-judgment interest.

## VII.   STATUTORY DAMAGES

27. Plaintiff is entitled to recover actual damages in the amount of the claim, which is $162,512.64, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim, which is $29,252.28.

## VIII.  ATTORNEY'S FEES

28.     Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

29.     Plaintiff is entitled to recover reasonable and necessary attorney fees that are equitable and just under Texas Civil Practice & Remedies Code section 37.009 because this is a suit for declaratory relief.

## X.     CONCLUSION

30.     The Court has already determined in the underlying lawsuit that Plaintiff is responsible for payment for the damage to the equipment rented from HERT (Exhibit D"). Defendant's continued denial of coverage and payment for that loss is made in bad faith as the policy clearly covers the claim. Defendant had a duty to defend Plaintiff in the underlying lawsuit, but it did not and Plaintiff has incurred additional damages (attorney fees) for its defense of that suit. Defendant was given proper notice of the claim and has acknowledge such. For all of these reasons, Plaintiff is entitled to a declaration that the policy covers the loss, Plaintiff is entitled to statutory damages for the denial, as well as attorney's fees.

## XI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, MSCS requests that Mid-Continent, be cited to appear and after trial be awarded judgment against Defendant as follows:

1)  A declaration that the insurance policy covers the loss forming the basis of the underlying lawsuit;
2)  Actual damages in the amount of no less than 130,020.92;
3)  Statutory damages of 18% under Texas Insurance Code section 542.060(a);
4)  Prejudgment and post-judgment interest, both special and general, to which it may be entitled;

5)   Costs of court;

6)   Attorney fees under the Insurance Code § section 542.060(b) or CPRC §37.009; and

7)   Other and further relief to which it may be entitled.

Respectfully submitted,

GRISSOM & THOMPSON, L.L.P.

/s/Donald H. Grissom
Donald H. Grissom
State Bar No. 08511550
Federal ID No. 23490
don@gandtlaw.com
William W. Thompson, III
State Bar No. 19960050
Federal ID No. 23489
509 West 12th Street
Austin, Texas 78701
512/478-4059
512/482-8410 Fax

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been either hand delivered, sent by U.S. Mail, electronic mail, Certified Mail, Return Receipt Requested, Facsimile Transmission, and/or through the Courts ECF system, to the following service list on this 16th day of August 2016.

/s/Donald H. Grissom

COOPER & SCULLY, PC
R. Brent Cooper
State Bar No. 04783250
Brent.cooper@cooperscully.com
Robert J. Witmeyer
State Bar No. 24091174
Rob.witmeyer@cooperscully.com
900 Jackson Street, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 fax